UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE REEF,<br><br>    Plaintiff,<br><br>    v.<br><br>JANI-KING OF CALIFORNIA, INC.,<br><br>    Defendant. | Case No. 17-cv-06640-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS THREE CLAIMS**<br><br>Re: Dkt. No. 7 |

## I. INTRODUCTION

Plaintiff Mike Reef brought this action in state court against his former employer, Defendant Jani-King of California, Inc. ("Jani-King"), alleging that Jani-King wrongfully terminated him after he made several internal reports of illegal conduct by his supervisor and Jani-King's management. Jani-King removed to this Court and now moves to dismiss three of Reef's six claims. The Court finds the motion suitable for resolution without oral argument and VACATES the hearing set for February 9, 2018. The case management conference previously set for February 9, 2018 at 9:30 AM is CONTINUED to 2:00 PM the same day. For the reasons discussed below, Jani-King's motion is GRANTED, and Reef's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence are DISMISSED WITH PREJUDICE.[1]

## II. BACKGROUND

### A. Allegations of the Complaint

Reef began working for Jani-King in 2013. Lau Decl. (dkt. 1-3) Ex. 1 ("Compl.") ¶ 10. He provided satisfactory job performance and received positive performance reviews. *Id.* In early

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

2017, Reef became aware of misconduct including that "management inflated sales reports to corporate officers, lied about reasons for terminating employees, fabricated incident reports, and forced franchises to accept low bids on sales contracts in violation of franchisee-franchisor relationships." *Id.* ¶ 11. Reef's manager, Marc Lopez, on several occasions offered Reef and his coworkers muscle relaxers that are illegal to use without a prescription and pressured Reef to take them. *Id.* ¶ 12. After initially refusing, Reef eventually accepted the drugs to placate Lopez but threw them away when Lopez left the room. *Id.*

Reef reported those incidents "at various times, including as recently as May 2017," to Jani-King's human resources department, two operations advisers, the vice president of operations, and a company vice president, but his complaints were not investigated and he was told to ignore the issue or work it out with his immediate team. *Id.* ¶ 13. Soon after Reef reported the misconduct at issue, his supervisor terminated other employees on the team who had made similar reports. *Id.* ¶ 14. Reef "was then terminated on June 23, 2017, for 'violating policies and procedures,' but received no more specific information regarding the reason for his termination." *Id.* ¶ 15. He "alleges this was just a pretext and the real reason for his termination was for reporting the legal violations surrounding the [muscle relaxer] pill incident and others." *Id.*

Reef brings six claims under California law: (1) retaliation in violation of public policy, *id.* ¶¶ 16–32; (2) wrongful termination in violation of public policy, citing various provisions of the California Labor Code, *id.* ¶¶ 33–40; (3) intentional infliction of emotional distress, *id.* ¶¶ 41–49; (4) negligent infliction of emotional distress, *id.* ¶¶ 50–55; (5) negligence, *id.* ¶¶ 56–61; and (6) unfair business practices in violation of California Business and Professions Code section 17200, *id.* ¶¶ 62–72. Only the third, fourth, and fifth claims are at issue in the present motion. Reef seeks compensatory and punitive damages, civil penalties under the California Labor Code, restitution, injunctive relief, and attorneys' fees and costs. *Id.* at 14–15 (prayer for relief).

**B.    Procedural History**

Reef filed his complaint in the California Superior Court for the County of Alameda on August 7, 2017. *See generally id.* Jani-King filed a demurrer in state court on September 22, 2017. Lau Decl. ¶ 3 & Ex. 2. Reef served Jani-King with responses to requests for admission on

October 26, 2017 admitting that he is a California resident, that Jani-King is a Texas corporation, and that Reef seeks to recover more than $75,000. Lau Decl. ¶ 5 & Ex. 4. Jani-King removed to this Court on the basis of diversity jurisdiction on November 17, 2017, and filed its present motion on December 8, 2017. *See generally* Notice of Removal (dkt. 1); Mot. (dkt. 7).

### C. Parties' Arguments

#### 1. Jani-King's Motion to Dismiss

Jani-King moves to dismiss Reef's third, fourth, and fifth claims, for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence, respectively. *See generally* Mot. According to Jani-King, each of those claims is barred by California Labor Code section 3600, which provides that workers' compensation benefits are an employee's sole remedy for employment-related injuries in certain circumstances. Mot. at 10–11, 13–14. Jani-King also argues that Reef does not sufficiently allege either the sort of "extreme and outrageous conduct" necessary to state a claim for intentional infliction of emotional distress, *id.* at 11–13, or the sort of "serious" distress necessary to state a claim for negligent infliction of emotional distress, *id.* at 15, and that some courts have held negligent infliction of emotional distress to be inapplicable in the context of wrongful termination because that sort of employment decision is inherently intentional rather than negligent, *id.* (citing *Semore v. Pool*, 217 Cal. App. 3d 1087, 1105 (1990)). Jani-King notes that negligent infliction of emotional distress is a form of negligence rather than a separate tort doctrine. *Id.* at 14.

Finally, Jani-King contends that leave to amend should be denied because it "was clearly established during the meet and confer process during the pre-demurrer process prior to removal" that Reef could not amend to cure the purported deficiencies at issue. *Id.* at 15–16. In support of that assertion, Jani-King cites its state court demurrer, which included a declaration from Jani-King's counsel that Reef's counsel asserted that the claims at issue "were adequately pled and then declined Jani-King's request that [Reef] amend the Complaint to address the pleading deficiencies" before Jani-King filed its demurrer. Lau Decl. Ex. 2 at ECF p. 50 (Isola Decl. ¶ 3); *see* Mot. at 16 (citing Lau Decl. Ex. 2).

3

### 2. Reef's Opposition

Reef argues that he states a claim for intentional infliction of emotional distress because the facts as alleged constitute "adverse employment actions" rather than "routine employment decisions," and it is a question of fact for the jury whether the conduct at issue is sufficiently extreme and outrageous. Opp'n (dkt. 10) at 4–5. He contends that his negligent infliction of emotional distress claim should also survive because his negligence theory "is pled in the alternative" to the theory of intentional misconduct and because he has alleged that Jani-King had a duty toward him by virtue of its status as his employer, breached that duty by ignoring and discouraging his concerns about misconduct and firing him for making reports, and caused him serious emotional distress. *Id.* at 6. Reef notes that California does not require physical injury to support a claim for negligent infliction of emotional distress. *Id.* at 6–7 (citing *Molien v. Kaiser Found. Hosps.*, 27 Cal. 3d 916, 928 (1980)).

With respect to Jani-King's argument that these claims are barred by the workers' compensation exclusivity statute, Reef argues that "California courts have regularly held that unlawful retaliation in violation of public policy 'falls outside the compensation bargain and therefore claims of intentional infliction of emotional distress based on such discrimination and retaliation are not subject to workers' compensation exclusivity.'" *Id.* at 7 (quoting *Light v. Cal. Dep't of Parks & Recreation*, 14 Cal. App. 5th 75, 101 (2017)). Reef cites *Cabesuela v. Browning-Ferris Industries of California, Inc.*, 68 Cal. App. 4th 101 (1998), for the proposition that at intentional infliction of emotional distress claim based on wrongful termination is not barred by the exclusivity doctrine, and *Maynard v. City of San Jose*, 37 F.3d 1396 (9th Cir. 1994), as holding that negligent infliction of emotion distress claim may proceed when grounded in considerations of "fundamental public policy," among other cases. Opp'n at 7–8 (also citing, *e.g.*, *Fretland v. County of Humboldt*, 69 Cal. App. 4th 1478 (1999)). Reef contends that all three of his claims at issue are based on "allegations relating to unlawful retaliation, which are not risks of injury inherent in the workplace," and therefore should not be dismissed based on workers' compensation exclusivity. *Id.* at 8–9.

Reef seeks leave to amend if the Court grants Jani-King's motion. *Id.* at 9–10.

### 3. Jani-King's Reply

Jani-King argues again in its reply that Reef has not alleged sufficiently outrageous conduct to support an intentional infliction of emotional distress claim, or sufficiently serious distress to support his negligent infliction claim. Reply (dkt. 11) at 2–5, 6–7. Jani-King contends that the rule permitting a plaintiff to plead alternative theories does not undermine decisions holding that managerial conduct in the employment context is inherently intentional. *Id.* at 7.

Turning to the workers' compensation exclusivity doctrine, Jani-King argues that the California Supreme Court's decision in *Miklosy v. Regents of the University of California*, 44 Cal. 4th 876 (2008), explicitly held that the doctrine encompasses claims for intentional infliction of emotional distress based on whistleblower retaliation. Reply at 8–9. Of the cases cited by Reef, Jani-King contends that *Cabesuela* and *Maynard* predated *Miklosy*, that *Light* and *Fretland* addressed a more established exception to the doctrine in the context of Fair Employment and Housing Act ("FEHA") violations, and that *Light* in fact acknowledged that, under *Miklosy*, the exception does not extend to whistleblower retaliation. *See* Reply at 7–9. Jani-King also distinguishes *Taylor v. Beth Eden Baptist Church*, 294 F. Supp. 2d 1074 (N.D. Cal. 2003), a decision by this Court cited in Reef's opposition, on the basis that *Taylor* involved claims against a supervisor rather than an employer. Reply at 9–10. According to Jani-King, Reef's distinction between "routine employment decisions" and "adverse employment actions" is not responsive to Jani-King's arguments, and only serves to support Jani-King's contention that the conduct at issue falls within the scope of the workers' compensation exclusivity doctrine because it was related to Reef's employment. *Id.* at 5–6.

## III. ANALYSIS

### A. Legal Standard

A complaint may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which

sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory[2] or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

**B.    Reef's Claims Fall Within Workers' Compensation Exclusivity**

California's Workers' Compensation Act provides for "[l]iability . . . in lieu of any other

---

[2] Jani-King asserts that its argument regarding the workers' compensation exclusivity doctrine is one of subject matter jurisdiction, but cites no authority for that proposition. *See* Mot. at 2. In this Court's view, the issue of whether a claim is cognizable under California law is better addressed under Rule 12(b)(6), but assuming for the sake of argument that Rule 12(b)(1) applies, the analysis would be substantially similar. *See McCoy v. Nestle USA, Inc.*, 173 F. Supp. 3d 954, 962 (N.D. Cal. 2016) ("Where, as here, a jurisdictional challenge is based on the allegations of a plaintiff's complaint rather than on extrinsic evidence, courts assume the plaintiff's allegations to be true and draw all reasonable inferences in his favor. The inquiry is therefore much like a Rule 12(b)(6) analysis." (brackets, citations, and internal quotation marks omitted)).

liability" for certain injuries incurred in the course of a plaintiff's employment, subject to certain statutory exceptions that neither party argues are applicable here. *See* Cal. Lab. Code § 3600(a). Section 3602 of the Labor Code states that, apart from those codified exceptions, "the right to recover compensation is . . . the sole and exclusive remedy of the employee or his or her dependents against the employer." *Id.* § 3602(a).

> That system balances the advantage to the employer of immunity from liability at law against the detriment of relatively swift and certain compensation payments. Conversely, while the employee receives expeditious compensation, he surrenders his right to a potentially larger recovery in a common law action for the negligence or willful misconduct of his employer.

*Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 158 (1987).

Courts interpreting the Workers Compensation Act have held that fundamental principles of public policy limit the scope of exclusivity in certain circumstances, and Reef argues that this is such a case because he "has also stated a cause of action for wrongful termination in violation of public policy," based on the allegations that he "was fired after reporting several unlawful activities and being pressured to take unprescribed prescription medication." Opp'n at 8. Reef argues that his claims are based on the public policy that employers should not retaliate against employees who resist or report unlawful conduct—in other words, the policy of preventing whistleblower retaliation. The California Supreme Court's decisions in *Shoemaker v. Myers*, 52 Cal. 3d 1 (1990), and *Miklosy*, 44 Cal. 4th 876, foreclose Reef's reliance on that policy to shield the claims at issue from here from the workers' compensation exclusivity doctrine.

In *Shoemaker*, an investigator for the California Department of Health Services, while investigating illegal practices by certain health care centers, concluded that the director of the Department of Health Services and other senior officials had known of illegal conduct by the health care centers and wrongfully permitted them to continue to receive funding. *Shoemaker*, 52 Cal. 3d at 7–8. His report on that misconduct led to a series of events ultimately resulting in his termination, and although he was later reinstated, he alleged that some senior officials stated that they had known his termination was improper and "wanted to cause [him] as much trouble as possible." *Id.* at 8–9. The California Supreme Court held that then-existing California

7

Government Code section 19683, which prohibited use of official authority to interfere with good faith reports of violations of the law occurring on the job, constituted a "specific statutory exception to the provisions of the workers' compensation law," and allowed the plaintiff's wrongful termination claim under that statute to proceed. *Id.* at 23. The court nevertheless affirmed dismissal of a separate claim for intentional infliction of emotional distress, holding that "[t]o the extent plaintiff purports to allege any distinct cause of action, not dependent upon the violation of an express statute or violation of fundamental public policy, but rather directed at the *intentional, malicious* aspects of defendants' conduct," that claim "is covered by the workers' compensation exclusivity provisions." *Id.* at 25. The *Shoemaker* court reached that conclusion despite acknowledging that the plaintiff had "incorporated by reference into his cause of action for intentional infliction of emotional distress all the allegations of his previous causes of action," which included the statutory whistleblower claim that the court allowed to proceed. *Id.*

*Miklosy* concerned two former employees of the University of California who alleged that they were termination from positions at Lawrence Livermore National Laboratory for reporting problems with tests conducted at the laboratory intended to "determine the safety and reliability of the nation's nuclear weapons stockpile." *Miklosy*, 44 Cal. 4th at 883–84. The vast majority of the California Supreme Court's opinion in that case addresses the complex application of the California Whistleblower Protection Act to the largely autonomous University of California, holding that because the university had reached a timely decision rejecting the plaintiffs' claims through its own internal procedure, the plaintiffs could not bring a civil claim under the statute in court. *See id.* at 885–98; *see also id.* at 903–07 (Werdegar, J., concurring) (addressing only the application of the Whistleblower Protection Act). The opinion also devotes several pages to its holding that claims for wrongful termination in violation of public policy under *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980), do not lie against government entities or individual supervisors. *Miklosy*, 44 Cal. 4th at 898–901. Finally, the court briefly addressed the plaintiffs' claim for intentional infliction of emotional distress, holding that it was barred by the exclusivity doctrine. *Id.* at 902–03. The court recognized two exceptions to the doctrine—"for conduct that that 'contravenes fundamental public policy'" and "for conduct that 'exceeds the risks inherent in

8

the employment relationship'"—but held that the former exception "is aimed at permitting a *Tameny* action to proceed" and does not apply to an intentional infliction of emotional distress claim, and that the latter exception "might seem at first blush to apply here" but had been rejected in *Shoemaker* under analogous circumstances. *Miklosy*, 44 Cal. 4th at 902–03 (quoting *Livitsanos v. Superior Court*, 2 Cal. 4th 744, 754 (1992)). Relying on *Shoemaker*, the *Miklosy* court held that the plaintiffs' incorporation of whistleblower allegations within their intentional infliction of emotional distress claim did not save the claim from the workers' compensation exclusivity doctrine. *Id.* at 903.

In this case, Reef's wrongful termination claim itself—which Jani-King has not moved to dismiss—likely falls outside the exclusivity doctrine based on the public policy exception. *See id.* at 902–03; *Shoemaker*, 52 Cal. 3d at 23. Under *Miklosy* and *Shoemaker*, however, the exception does not extend to more general tort claims like those at issue in the present motion, even when such claims are brought in concert with, and based on the same facts as, claims for whistleblower retaliation and wrongful termination in violation of public policy. *See Miklosy*, 44 Cal. 4th at 902–03; *Shoemaker*, 52 Cal. 3d at 25. As Jani-King correctly argues, the cases Reef cites for a contrary rule either predate *Miklosy* and have been effectively overruled as to this issue, *e.g.*, *Cabesuela*, 68 Cal. App. 4th 101, or base their holdings on a special exception for discriminatory conduct in violation of the Fair Employment and Housing Act, *e.g.*, *Light*, 14 Cal. App. 5th at 101 (holding that an exception applies for tort claims based on conduct that violates FEHA, but acknowledging that *Miklosy* held to the contrary for "allegations of *whistleblower* retaliation"). Although *Miklosy* and *Shoemaker* considered only claims for intentional infliction of emotional distress, their reasoning applies equally to negligence and negligent infliction of emotional distress. *See also Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 710 (1994) ("[B]oth the language and the legislative history of the [Workers' Compensation] Act make clear that the Legislature, in setting the terms of the compensation bargain, was focused on eliminating 'common law tort concepts of negligence.'" (citation omitted)).

Reef's only argument as to why the claims at issue are not barred by the exclusivity doctrine is that they "stem from the same facts constituting his unlawful retaliation and wrongful

termination claims," which are grounded in public policy. *See* Opp'n at 7–9.[3] As discussed above, the Court concludes that Reef's argument is inconsistent with controlling precedent, and GRANTS Jani-King's motion to dismiss Reef's third, fourth, and fifth claims. Reef has not identified any possible amendment that would overcome this deficiency, and the Court therefore concludes that leave to amend would be futile. The Court does not reach Jani-King's remaining arguments, such as whether Reef has alleged sufficiently egregious conduct to state a claim for intentional infliction of emotional distress.

## IV. CONCLUSION

For the reasons discussed above, Jani-King's motion is GRANTED, and Reef's third, fourth, and fifth claims are hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: February 5, 2018

JOSEPH C. SPERO
Chief Magistrate Judge

---

[3] The parties have not addressed the issue of whether the traditional limitation of workers' compensation exclusivity to claims based on injuries "'caus[ing] disability or need for medical treatments'" remains valid. *See Livitsanos*, 2 Cal. 4th at 752 (quoting *Coca-Cola Bottling Co. v. Superior Court*, 233 Cal. App. 3d 1273, 1284 (1991)). The Court declines to resolve sua sponte whether the California Supreme Court's decision in *Miklosy*, a case involving no allegation of medical treatment or disabling injury, effectively abrogated that requirement without discussion.

10